IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ADAMS RESOURCES EXPLORATION ) | Case No. 17-10866 (KG) |
| CORPORATION,[1] ) | |
| ) | |
| ) | Related Docket No. 36 |
| Debtor. ) | |

**ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION
WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' OIL AND GAS
ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO APPROVE THE
TRANSACTION AND APPROVING THE FORM AND MANNER OF NOTICE
THEREOF, AND (C) ESTABLISHING PROCEDURES RELATING TO THE
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Upon consideration of the motion (the "Sale Procedures Motion") of Adams Resources Exploration Corporation (the "Debtor"), for entry of an order, pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. L.R. 6004-1(c), for entry of an order (a) approving sale procedures in connection with sale of substantially all of the Debtor's oil and gas assets, (b) scheduling an auction and hearing to approve the transaction and approving the form and manner of notice thereof, and (c) establishing procedures relating to the assumption and assignment of executory contracts and unexpired leases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; and it appearing that the Sale Procedures Motion is a core proceeding pursuant to 28 U.S.C. §157; and adequate notice of the Sale Procedures Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after a due deliberation and good and sufficient cause appearing therefore:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is Adams Resources Exploration Corp. (9131). The location of the Debtor's corporate headquarters and service address is: 17 S. Briar Hollow Lane, Suite 100, Houston, TX 77027.

1

**THE COURT HEREBY FINDS THAT:**[2]

A. This Court has jurisdiction to hear and determine the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6003, 6004, 6006(a), 9007 and 9014.

C. Notice of the Sale Procedures Motion, having been given to the Notice Parties (as defined herein) is sufficient in light of the circumstance and the nature of the relief requested herein.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Procedures Motion regarding the sales process, including, without limitation, (i) approval of the Sale Procedures;[3] (ii) determination of final Cure Amounts in the manner described herein; and (iii) approval and authorization to serve the Sale Notice and Cure Notice.

E. The Sale Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estates under the circumstances of this case.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[3] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Sale Procedures Motion and/or the Sale Procedures.

F.     The Sale Notice, and the service thereof, is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, and the Sale Hearing.

G.     The Cure Notice, and the service thereof, is reasonably calculated to provide all counterparties to potential Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract(s) or unexpired lease(s) and any Cure Amounts relating thereto; and it is therefore

**ORDERED THAT:**

1.     The Sale Procedures Motion is granted as set forth herein.

2.     All objections to the relief requested in the Sale Procedures Motion that have not been withdrawn, waived or settled as announced in the Court at the hearing on the Sale Procedures Motion, or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3.     The Sale Procedures attached hereto as **Exhibit 1**, and incorporated herein by reference as if fully set forth in this Order, are hereby approved. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

4.     The Sale Notice substantially in the form attached hereto as **Exhibit 2** and incorporated herein by reference as if fully set forth in this Order: (a) is hereby approved; and (b) shall be served on or before May 30, 2017 upon (i) the Office of the United States Trustee for the District of Delaware; (ii) all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Attorneys General in the states where any of the Acquired Assets are located (v) the Debtor's twenty largest unsecured creditors and/or their counsel; (vi) counsel to the DIP Lender; (vii) counsel to any official committee appointed in this case; (viii)

the United States Environmental Protection Agency; (ix) state environmental agencies in the jurisdictions where any of the Acquired Assets are located; (x) the Securities Exchange Commission, (xi) all Persons known or reasonably believed to have asserted a lien or encumbrance on any of the Acquired Assets; (xii) all Persons known or reasonably believed to have expressed a bona fide interest in acquiring the Acquired Assets; and (xii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002. (collectively, the "Notice Parties").

5. The Cure Notice substantially in the form attached hereto as **Exhibit 3** and incorporated herein by reference as if fully set forth in this Order is hereby approved. The Debtor shall serve the Cure Notice and the Sale Notice on or before June 9, 2017 upon all counterparties to executory contracts and unexpired leases that may be Assigned Contracts.

6. Any non-debtor counterparties to executory contracts and unexpired leases listed on the Cure Notice that wishes to obtain information regarding adequate assurance of future performance regarding any of the Qualifying Bidders be required to notify Debtor's counsel, Sullivan Hazeltine Allinson LLC, 901 North Market Street, Suite 1300, Wilmington, DE 19801, Attn: William A. Hazeltine, Telephone: (302) 428-8191, Facsimile: (302) 428-8195, E-mail: whazeltine@sha-llc.com (the "Request for Adequate Assurance Information"). The Request for Adequate Assurance Information must include an email address, a facsimile number and/or postal address to which a response to such request can be sent. The Debtor shall serve any party making a Request for Adequate Assurance Information by email and/or overnight delivery with any information relating to adequate assurance of future performance provided by Qualifying Bidders as provided in the Sales Procedures by the later of (i) July 17, 2017 and (ii) one business day after receipt of the Request for Adequate Assurance Information.

7. As further described in the Sale Procedures, the Debtor shall conduct the Auction on July 19, 2017 at 10:00 a.m. Prevailing Eastern time if a Qualifying Bid (as defined in the Sale Procedures) is timely received. The Auction will be held at the offices of Sullivan Hazeltine Allinson LLC, 901 North Market Street, Suite 1300, Wilmington, DE 19801, or at such other place, date and time as may be designated by the Debtor. Only (i) parties and their advisors that have been advised that they have submitted a Qualifying Bid; (ii) the DIP Lender and its counsel; (iii) counsel for any official committee appointed in this case, and (iv) other parties specified in the Sale Procedures Order will be permitted to participate in and/or make any statements on the record at the Auction provided, however, that any creditor of the Debtor may attend the auction. In the event the place, date or time of the Auction is changed, the Debtor shall file a Notice with the Bankruptcy Court stating the changed place, date or time for the Auction at least 24 hours before the Auction and serve such Notice on any creditor that informs the Debtor's counsel that they plan to attend the Auction and provides an email address or facsimile number by no later than two business days before the Auction.

8. The Debtor shall file a Notice with the Bankruptcy Court identifying the Prevailing Bidder and Back-Up Bidder at the Auction and the amount of their bids not later than the earlier of (i) five business hours of the close of the Auction and Noon on the day after the Auction is concluded. At the same time, the Debtor shall serve such notice by email, facsimile or, if neither an email address or facsimile number is provided, overnight mail to all non-debtor counterparties to executory contracts and unexpired leases that have made a Request for Adequate Assurance Information and all creditors who have provided Debtor's counsel with a request for such information.

9. The Sale Hearing will be conducted on *August 1*, 2017 at *10:00 a*.m. **prevailing Eastern Time**. At the Sale Hearing, the Debtor will seek entry of an order, among other things, (a) approving and authorizing the sale of the Acquired Assets to the Prevailing Bidder(s) at the Auction, on terms and conditions consistent with the submitted APA, as may be amended and modified (the "Asset Sale") and (b) authorizing the assumption and assignment of the Assigned Contracts. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

10. Objections, if any, to the Asset Sale including, without limitation, the proposed assumption and assignment of the Assigned Contracts, the proposed Cure Amounts and/or adequate assurances of future performance must (a) be in writing; (b) state with specificity the nature of such objection and, with respect to an objection to a proposed Cure Amount, the alleged Cure Amount (with appropriate documentation in support thereof); (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court; and (d) be filed with this Court and served upon the following parties **on or before 4:00 p.m. prevailing Eastern Time on** *July 25*, 2017:

(i) A Adams Resources Exploration Corporation, 17 South Briar Hollow Lane, Suite 100, Houston, TX 77027, Attn: John Riney, President (johnr@adamsresources.com);

(ii) Gavin Solmonese, 919 North Market Street, Suite 600, Wilmington, DE 19801, Attn: Stan Mastil (stanley.mastil@gavinsolmonese.com);

(iii) Oil & Gas Assets Clearinghouse, LLC, 1235 North Loop West, Suite 500, Houston, TX 77088, Attn: Patrick DaPra (pdapra@ogclearinghouse.com);

(iv) Counsel to the Debtor, Sullivan Hazeltine Allinson LLC, 901 North Market Street, Suite 1300, Wilmington, DE, 19801, Attn: William D. Sullivan (bsullivan@sha-llc.com) and William A. Hazeltine (whazeltine@sha-llc.com);

(v) Counsel to the DIP Lender, Ashby & Geddes, 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE, 19899, Attn: Ricardo Palacio (rpalacio@ashby-geddes.com) and Gregory A. Taylor (gtaylor@ashby-geddes.com);

(vi) Counsel to any official committee appointed in this case; and

(vii) The Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian, Esquire (juliet.m.sarkessian@usdoj.gov).

11. Except as may otherwise be agreed to between the non-debtor counterparty to an Assigned Contract and the Prevailing Bidder(s), on the Closing Date, the Debtor and/or the Prevailing Bidder(s) shall cure those defaults under the Assigned Contracts that need to be cured in accordance with Section 365(b) of the Bankruptcy Code by (a) payment of the undisputed Cure Amounts, and/or (b) reserving amounts with respect to the disputed Cure Amounts. In the event of a dispute regarding the Cure Amount, any payments required, following entry of a final order resolving such dispute, shall be made as soon as practicable thereafter. If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary in any Assigned Contract or other documents as of the date of the Cure Notice. The hearing on any objections to Cure Amounts may, at the Debtor discretion, (i) be heard at the Sale Hearing or (ii) continued to a subsequent hearing.

12. Any party failing to timely file an objection to a Cure Amount or the proposed assumption and assignment of an Assigned Contract shall be forever barred from objecting to such Cure Amount and from asserting any additional cure or other amounts against the Debtor, their estates, or the Prevailing Bidder(s) with respect to its executory contract(s) or unexpired lease(s) and will be deemed to consent to the proposed assumption and assignment of its executory contract(s) or unexpired lease(s). Notwithstanding the foregoing, a non-debtor counterparty to an Assigned Contract shall not be barred from seeking additional amounts on account of any defaults occurring between the service of the Cure Notice and the assumption and assignment of the Assigned Contract.

13. The following deadlines are hereby approved:

| |
|---|
| Service of Sale Procedures Order Sale Notice: May 30, 2017 |
| Service of Cure Notice: June 9, 2017 |
| Bid Deadline: July 12, 2017 |
| Bid Deadline (DIP Lender): July 17, 2017 |
| Auction Date: July 19, 2017 at 10:00 a.m. EDT |
| Deadline to serve Notice of Prevailing Bidder and Back-up Bidder: Not later than the earlier of (i) five business hours of the close of the Auction and Noon on the day after the Auction is concluded |
| Assumption/Assignment and Cure Objection Deadline: July 25, 2017 |
| Sale Objection Deadline: July 25, 2017 |
| Sale Hearing: August 1, 2017 at 10:00 a.m. EDT |

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Procedures Motion in these cases, the terms of this Order shall govern.

16.  This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of this Order. To the extent any provisions of this Order shall be inconsistent with the Sale Procedures Motion, the terms of this Order shall control.

Dated: May 24, 2017

*[Signature]*
The Honorable Kevin Gross
United States Bankruptcy Judge