## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ADAMS RESOURCES EXPLORATION | ) | Case No. 17-10866 (KG) |
| CORPORATION,[1] | ) | |
| | ) | **Re: D.I. 83** |
| Debtor. | ) | |

## ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S OIL AND GAS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Sale Motion")[2] of Adams Resources Exploration Corporation (the "Debtor"), for entry of an order, among other things: (i) approving the asset purchase agreement attached hereto as **Exhibit A** (the "APA") between the Debtor and Sequitur Permian, LLC ("Sequitur" or the "Purchaser"), one of the Prevailing Bidders at the Auction, (ii) authorizing the sale of the Debtor's oil and gas assets identified in Section 2.1 of the APA (the "Sequitur Acquired Assets") to Sequitur free and clear of all liens, claims, encumbrances and other interests (as more fully defined in paragraph 8 below, the "Encumbrances"), and (iii) granting other related relief; and this Court having heard statements of counsel and the evidence presented in support of the relief requested by the Debtor in the Sale Motion at a hearing before this Court on August 1, 2017 (the "Sale Hearing"); and it appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is Adams Resources Exploration Corp. (9131). The location of the Debtor's corporate headquarters and service address is: 17 S. Briar Hollow Lane, Suite 100, Houston, TX 77027.

[2] Unless otherwise stated, all capitalized items not defined herein shall have the same meaning as set forth in the Sale Procedures, the Sale Procedures Order (both as defined below) and/or the Sale Motion.

**THE COURT HEREBY FINDS THAT:[3]**

**Jurisdiction, Final Order and Statutory Predicates**

A.      This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (N) and (O).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  This Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C.      The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363(b), (f), and (m), 365 of the Bankruptcy Code; Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014 and Del. Bankr. L.R. 6004-1.

D.      This Court entered its *Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Oil and Gas Assets, (B) Scheduling an Auction and Hearing to Approve the Transaction and Approving the Form and Manner of Notice Thereof, and (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts* on May 24, 2017 (the "Sale Procedures Order") [Docket No. 71].

---

[3]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

## Notice of the Sale, Auction and Sale Hearing

E.    Actual written notice of the Sale Hearing, the Auction, the Sale Motion, and the Sale, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to parties in interest, including the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) all taxing authorities having jurisdiction over any of the Sequitur Acquired Assets, including the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Attorneys General in the states where any of the Sequitur Acquired Assets are located (v) the Debtor's twenty largest unsecured creditors and/or their counsel; (vi) counsel to the DIP Lender; (vii) the United States Environmental Protection Agency; (viii) state environmental agencies in the jurisdictions where any of the Sequitur Acquired Assets are located; (ix) the Securities Exchange Commission; (x) the counterparties to each of the Debtor's contracts and leases that may be assumed and assigned; (xi) all Persons known or reasonably believed to have expressed a bona fide interest in acquiring the Sequitur Acquired Assets; and (xii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

F.    In accordance with the Sale Procedures Order, the Debtor served the *Notice of Bid Deadline, Objection Deadlines, Auction and Sale Hearing* (the "Sale Notice") [Docket No. 85] on all Notice Parties, which provided timely and proper notice of the Sale, the Sale Hearing and the Auction.

G.    As evidenced by the declarations of service previously filed with this Court [Docket Nos. 90, 91 and 94], the Debtor provided proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

The Debtor also has complied with all obligations to provide notice of the Sale Motion, the Auction, the Sale Hearing, and the Sale required by the Sale Procedures Order. The foregoing notice described in paragraphs E, F and G was good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, the Auction, the Sale Hearing, or the Sale.

<b><u>The Transaction Contemplated by the APA Constitutes<br>the Highest and Best Offer for the Sequitur Acquired Assets</u></b>

H.      The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion regarding the sale process, including, without limitation, the approval of the sale of the Sequitur Acquired Assets to Sequitur.

I.      The Auction was properly conducted in accordance with the Sale Procedures Order and in a manner designed to result in the highest or otherwise best offer for the Sequitur Acquired Assets. As of the conclusion of the Auction, the Debtor agreed in the exercise of its business judgment, in consultation with its management, board of directors, advisors and the DIP Lender, to enter into and consummate the APA. The consummation of the transactions contemplated by the APA, the Sale Motion, and this Sale Order is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all of the applicable requirements of such sections and rules have been complied with in respect to such transactions.

J.      The Debtor has adequately marketed the Sequitur Acquired Assets and has conducted the sale solicitation fairly, with adequate opportunity for parties that either expressed an interest in acquiring the Sequitur Acquired Assets, or who the Debtor believed may have an interest in acquiring the Sequitur Acquired Assets, to submit competing bids. The Debtor conducted the sale process in compliance with the Sale Procedures Order. A reasonable

4

opportunity has been given to any interested party to make the highest or otherwise best offer for the Sequitur Acquired Assets.

K.    The Debtor and Sequitur negotiated and have undertaken their roles leading to the Sale and entry into the APA in a diligent, non-collusive, fair, and good faith manner. The consideration provided by the Purchaser in the APA (a) constitutes the highest or otherwise best offer for the Sequitur Acquired Assets, (b) provides fair and reasonable consideration for the Sequitur Acquired Assets, and (c) constitutes reasonably equivalent value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The Sale will provide a greater recovery for the Debtor's creditors with respect to the Sequitur Acquired Assets than would be provided by any other practically available alternative. Taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Sequitur Acquired Assets for greater economic value to the Debtor or its estate.

L.    The bid submitted by the Purchaser is the highest and best offer received by the Debtor for the Sequitur Acquired Assets after a period in which third parties had sufficient opportunity to seek information and enter into discussions or negotiations with the Debtor and its advisors concerning the Sale. The consideration offered by the Purchaser for the Sequitur Acquired Assets pursuant to the APA, and as a result of the Sale Procedures, is fair and reasonable and constitutes fair and adequate consideration and reasonably equivalent value for the Sequitur Acquired Assets.

M.    The Debtor and its advisors have complied in all respects with the Sale Procedures Order. In that regard, among other things, the Debtor, (a) considered all bids submitted on or before the Bid Deadline (as defined in the Sale Procedures Order); (b) negotiated with all bidders up to and including at the Auction; and (c) conducted the Auction in accordance

with the Sale Procedures. The Auction (a) was conducted in a non-collusive, fair, and good faith manner and (b) was reasonably certain to achieve the highest and best offer for the Sequitur Acquired Assets.

### Exercise of the Debtor's Business Judgment

N.        At the conclusion of the Auction, the Debtor announced that it had determined that the offer submitted by Sequitur constituted the highest or otherwise best offer for the Sequitur Acquired Assets, and that Sequitur was the Prevailing Bidder for the Sequitur Acquired Assets in accordance with the Sale Procedures Order.

O.        The Debtor's determination that the APA constitutes the highest or otherwise best offer for the Sequitur Acquired Assets and the consummation of the transactions contemplated by the APA will constitute a reasonable exercise of the Debtor's business judgment. The Debtor's decisions to (a) enter into the APA and (b) perform its obligations under the APA are reasonable exercises of the Debtor's business judgment, and are in the best interests of the Debtor and its estate.

P.        The Debtor has exercised reasonable business judgment in deciding to sell the Sequitur Acquired Assets to the Purchaser, including in light of the facts that (a) the bid submitted by the Purchaser constitutes the highest or otherwise best offer for the Sequitur Acquired Assets, as established by, among other things, the Auction and (b) the APA and the closing of the transactions contemplated thereby will present the best opportunity for the Debtor to realize the highest value for the Sequitur Acquired Assets.

Q.        The relief requested in the Sale Motion (including, without limitation, the approval of the Sale of the Sequitur Acquired Assets pursuant to section 363 of the Bankruptcy Code) is a necessary and appropriate step toward enabling the Debtor to maximize the value of its bankruptcy estate, and it is in the best interests of the Debtor, its estate, and its creditors. In

addition, the Sale of the Sequitur Acquired Assets is appropriate to preserve and maximize value and avoid losses to the Debtor's estate.

### Sequitur is Good Faith Purchaser

R.      Sequitur is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Sequitur is purchasing the Sequitur Acquired Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code. Accordingly, Sequitur is entitled to the full protection of that provision. Sequitur has proceeded in good faith in all respects in connection with this proceeding in that: (a) Sequitur recognized that the Debtor was free to deal with any other party interested in acquiring the Sequitur Acquired Assets; (b) Sequitur complied with the Sale Procedures Order and the Sale Procedures; (c) the bid submitted by Sequitur was subjected to the competitive process set forth in the Sale Procedures; (d) all payments to be made by Sequitur and other agreements or arrangements entered into by Sequitur in connection with the Sale have been disclosed; (e) Sequitur has not violated the Sale Procedures Order, the Sale Procedures or section 363(n) of the Bankruptcy Code by any action or inaction; (f) no common identity of directors or controlling stockholders exists between Sequitur and the Debtor; and (g) the negotiation and execution of the APA and any other agreements or instruments related thereto were at arm's-length and in good faith.

### Validity of Transfer

S.      Upon entry of this Sale Order, (a) the Debtor shall be deemed to have full corporate power and authority to execute the necessary documents to effect the transactions contemplated by the APA, (b) the Debtor shall be deemed to have full corporate power and authority to execute, deliver, and perform its obligations under the APA and all other transactions contemplated thereby, (c) the Debtor shall be deemed to have all of the corporate

power and authority necessary to consummate the transactions with the Purchaser, (d) the Debtor shall be deemed to have taken all action necessary to authorize and approve the Sale, the applicable documents and the consummation by the Debtor of the transactions contemplated thereby, and (e) no further consents or approvals, other than those expressly provided for herein or in the APA, are required for the Debtor to consummate the transactions contemplated by the APA. The Debtor's prior execution and delivery of, and any performance of its obligations under, the APA and any other ancillary documents and agreements entered into in connection therewith are hereby ratified.

T.    The APA is a valid and binding contract between the Debtor and Sequitur and shall be enforceable pursuant to its terms. From and after the Closing, the APA and the transactions contemplated thereby, and the consummation thereof shall be specifically enforceable against and binding upon the Purchaser, the Debtor and any chapter 7 or chapter 11 trustee appointed in this Chapter 11 Case, and shall not be subject to rejection or avoidance by the foregoing parties or any other Person.

U.    Upon the Closing, the Sale of the Sequitur Acquired Assets to Sequitur will be a legal, valid and effective transfer of all of the Debtor's right, title and interest in the Sequitur Acquired Assets to Sequitur, vesting Sequitur with all such right, title and interest to the Sequitur Acquired Assets on the closing of the Sale free and clear of any Encumbrances (as defined below) pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, except for Permitted Liens and Assumed Liabilities as set for the in the APA, with all such Encumbrances (as defined below) to attach to the proceeds received by the Debtor for the Sequitur Acquired Assets with the same priority, validity, force and effect as such Encumbrances (as defined below) had in the

8

Sequitur Acquired Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

## Section 363(f) Is Satisfied

V.    The Debtor's right, title and interest in the Sequitur Acquired Assets constitute property of the Debtor's estate, vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. The Purchaser has represented that it would not have entered into the APA and would not consummate the transactions contemplated thereby if the Sale of the Sequitur Acquired Assets to the Purchaser and the assumption of the Assumed Liabilities by the Purchaser were not (except as otherwise provided in the APA with respect to the Assumed Liabilities and Permitted Liens) free and clear of all Encumbrances of any kind or nature whatsoever, thus impacting materially and adversely affecting the value that the Debtor would be able to obtain for the sale of the Sequitur Acquired Assets, to the detriment of the Debtor, its estate and its creditors.

W.    The Debtor may sell the Sequitur Acquired Assets free and clear of all Encumbrances (except for any Permitted Liens and Assumed Liabilities under the APA) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Holders of Encumbrances (as defined below) against the Debtor, its estate or any of the Sequitur Acquired Assets who did not object to the Sale or the Sale Motion are deemed to have consented to the sale of the Sequitur Acquired Assets free and clear of Encumbrances (as defined below) pursuant to section 363(f)(2) of the Bankruptcy Code, except for Assumed Liabilities and Permitted Liens as set forth in the APA.

## No Fraudulent Transfer; No Successor Liability

X.    The consideration provided by Sequitur pursuant to the APA for its purchase of the Sequitur Acquired Assets constitutes reasonably equivalent value and fair consideration.

Y.    The transfer of the Sequitur Acquired Assets to Sequitur and the assumption of the Assumed Liabilities (as defined in the APA) (including any individual elements of the Sale) by Sequitur, except as otherwise expressly set forth in the APA, do not, and will not, subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business prior to the closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability, to the greatest extent allowed by applicable law. Pursuant to the APA, the Purchaser is not purchasing all of the Debtor's assets in that the Purchaser is not purchasing any of the Excluded Assets (as defined in the APA) or assuming the Excluded Liabilities (as defined in the APA), and the Purchaser will not be deemed to be holding itself out to the public as a continuation of the Debtor based on the Sale, the APA or this Order. The Sale does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate. There is no continuity between the Purchaser and the Debtor and there is no continuity of enterprise between the Debtor and the Purchaser. Sequitur is not a mere continuation of the Debtor or the Debtor's estate and Sequitur does not constitute a successor to the Debtor or the Debtor's estate, to the greatest extent allowed by applicable law. The transactions contemplated by the APA, including, without limitation, the Sale of the Sequitur Acquired Assets, are not being undertaken for the purpose of escaping liability for any of the Debtor's debts or hindering, delaying, or defrauding creditors under the Bankruptcy Code. Neither the Debtor nor the Purchaser is entering into the transactions

contemplated by the APA fraudulently or for less than reasonably equivalent value to the Debtor for the purpose of statutory and common law fraudulent transfer claims.

### Compelling Circumstances for an Immediate Sale

Z.    To maximize the value of the Sequitur Acquired Assets and preserve the viability of the business to which the Sequitur Acquired Assets relate, it is essential that the Sale of the Sequitur Acquired Assets occur within the time constraints set forth in the APA. Time is of the essence in consummating the Sale. Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a), 6004(h), and 6006(d) and permit the immediate effectiveness of this Sale Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.    The relief requested in the Sale Motion is granted and approved as set forth herein, and the Sale of the Sequitur Acquired Assets to the Purchaser contemplated thereby and by the APA is approved as set forth in this Order.

2.    This Court's findings of fact and conclusions of law set forth in the Sale Procedures Order are incorporated herein by reference.

3.    All objections to the Sale Motion or relief requested therein that have not been withdrawn, waived, or settled as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

**Approval of the APA**

4.      The APA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved.

5.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized to sell the Sequitur Acquired Assets to Sequitur pursuant to the APA, to consummate the Sale in accordance with and subject to the terms and conditions of the APA, and to convey, transfer and assign all of the Debtor's right, title and interest (including common law rights) in and to the Sequitur Acquired Assets to the Purchaser in accordance with and subject to the terms and conditions of the APA.

6.      Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Debtor, and its directors, officers, employees and agents are authorized and directed to take any and all actions necessary or appropriate to (i) consummate the Sale of the Sequitur Acquired Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the APA, (ii) close the Sale of the Sequitur Acquired Assets as contemplated in the APA and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale, including any other ancillary documents.

7.      This Order shall be binding in all respects upon the Debtor, its estate, its creditors (whether known or unknown), and holders of equity interests in the Debtor, any holders of Encumbrances (as defined below) against or on all or any portion of the Sequitur Acquired Assets, Sequitur and all of their successors and assigns.  This Order and the APA shall inure to the benefit of the Debtor and its estate, Sequitur, and their respective successors and assigns.

### Transfer of the Sequitur Acquired Assets

8.      Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the

Debtor is authorized to transfer, and upon the Closing shall have transferred, all of the Debtor's

right, title, and interest in and to, and possession of, the Sequitur Acquired Assets to Sequitur,

which shall be immediately vested in Sequitur pursuant to sections 105(a), 363(b), 363(f), and

365 of the Bankruptcy Code, and such title to the Sequitur Acquired Assets shall be transferred to

Sequitur free and clear of all Encumbrances (except Assumed Liabilities and Permitted Liens),

including:

i.      liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, judgments, demands, encumbrances, easements, and servitudes;

ii.     interests, obligations, liabilities, demands, guaranties, options, restrictions, and contractual or other commitments;

iii.    rights, including, without limitation, rights of first refusal, rights of offset (except for offsets exercised prior to the Petition Date), contract rights, and rights of recovery;

iv.     decrees of any court or foreign or domestic governmental entity (to the extent permitted by law);

v.      charges or restrictions of any kind or nature, including, without limitation, any restriction on the use, transfer, receipt of income or other exercise of any attributes of ownership of the Sequitur Acquired Assets, including, without limitation consent of any Person to assign or transfer any of the Sequitur Acquired Assets;

vi.     debts arising in any way in connection with any agreements, acts or failures to act, of the Debtor or any of the Debtor's predecessors or affiliates;

vii.    claims (as that term is defined in the Bankruptcy Code), including claims for reimbursement, contribution claims, indemnity claims, exoneration claims, alter-ego claims, environmental claims (to the fullest extent allowed by applicable law), including claims that may be secured or entitled to priority under the Bankruptcy Code, tax claims, reclamation claims, and pending litigation claims;

viii.    matters of any kind and nature, in each instance for all of the foregoing, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Encumbrances").

All such Encumbrances shall attach to the proceeds of the sale of the Sequitur Acquired Assets (the "Cash Proceeds") in the order of their priority, with the same validity, force and effect that they now have as against the Sequitur Acquired Assets, subject to any claims and defenses that the Debtor may possess with respect thereto. The Purchaser shall not assume and is not liable for any Excluded Liabilities.

9.    Following Closing of the Sale, no holder of any Encumbrance (except for Permitted Liens and Assumed Liabilities as set forth in the APA) against the Debtor or in the Sequitur Acquired Assets shall interfere with the Purchaser's title to or use and enjoyment of the Sequitur Acquired Assets based on or related to such Encumbrance, and all such Encumbrances shall be and hereby are channeled, transferred and attached solely and exclusively to the Cash Proceeds in the order of their priority, with the same validity, force and effect that they now have as against the Sequitur Acquired Assets. If the sale of the Sequitur Acquired Assets to Sequitur fails to close for any reason, then all Encumbrances shall continue against the Debtor, and the Sequitur Acquired Assets shall be unaffected by this Sale Order.

10.    All Persons, including (without limitation) the Debtor, all holders of Encumbrances (other than Permitted Liens and Assumed Liabilities as defined in the APA) or other rights, debt security holders, equity security holders, governmental, tax and regulatory authorities (as to governmental, tax and regulatory authorities, to the greatest extent allowed by applicable law), lenders and trade and other creditors holding and/or asserting claims (as that

14

term is defined in the Bankruptcy Code) including, but not limited to, claims arising out and/or related to Sale Procedures Order and/or the Sale Procedures (except for any claims the Debtor may have against the Purchaser pursuant to the APA), and/or Encumbrances arising in any way in connection with any acts, or failure to act, of the Debtor, obligations, demands or guaranties, of any kind and nature against or in the Debtor or the Sequitur Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Debtor, the Sequitur Acquired Assets, the operation of the Debtor's business prior to the Closing, or the transfer of the Sequitur Acquired Assets to the Purchaser, hereby are, and will be, forever barred, estopped and permanently enjoined from asserting such Encumbrances, claims or other interests against Sequitur, its successors or assigns, or their property, including the Sequitur Acquired Assets. Nothing in this Order (including Paragraph 14) or the APA releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit, to which the Purchaser may be subject to as the post-sale owner or operator of any property that is a Sequitur Acquired Asset after the date of entry of this Order; provided, however, that all rights and defenses of the Purchaser under nonbankruptcy law are preserved. Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and required approvals, if any, under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

11.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Sequitur Acquired Assets to the Purchaser in accordance with the terms of the APA and this Order.

12.     On the Closing, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release any Encumbrances, or other interests in the Sequitur Acquired Assets, if any, as such Encumbrances or interests may have been recorded or may otherwise exist (other than those holding Permitted Liens and Assumed Liabilities as set forth in the APA).

13.     This Sale Order is and shall be effective as a determination that all Encumbrances with respect to the Debtor's interest in the Sequitur Acquired Assets (other than Permitted Liens and Assumed Liabilities as set forth in the APA) shall be, and hereby are, released as to the Sequitur Acquired Assets as of the Closing of the Sale.  If any Person that has filed liens, financing statements, mortgages, mechanics' liens, *lis pendens* or other documents or agreements evidencing Encumbrances against or in the Sequitur Acquired Assets has not delivered to the applicable Purchaser prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, unconditional releases of all Encumbrances (other than Assumed Liabilities and Permitted Liens as set forth in the APA) that the Person has with respect to the Sequitur Acquired Assets, or otherwise, Sequitur is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf and in the name of any such Person with respect to the Sequitur Acquired Assets or Sequitur may file, register or record a certified copy of this Sale Order in any place where such

instruments would or could be filed, and such filing shall constitute conclusive evidence of the release of Encumbrances on the Sequitur Acquired Assets as of the Closing of the Sale.

14.    Except as to Permitted Liens and Assumed Liabilities, or as otherwise expressly set forth in the APA, the Purchaser shall not have any successor, transferee, derivative or vicarious liabilities of any kind or character for any Encumbrances, including under any theory of successor or transferee liability, *de facto* merger or continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, asserted or unasserted, liquidated or unliquidated, of any kind, nature, or character whatsoever, including, without limitation, with respect to any of the following: (a) any foreign, federal, state, or local revenue, pension, tax, labor, employment, antitrust, environmental (to the greatest extent allowed by applicable law), or other law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules or regulations); (b) under any products liability law, rule, regulation, or doctrine with respect to the Debtor's liability under such law, rule, regulation, or doctrine, or under any product warranty liability law or doctrine; (c) any employment or labor agreements, consulting agreements, severance arrangements, change-in-control agreements, or other similar agreement to which the Debtor is a party; (d) any welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtor; (e) the cessation of the Debtor's operations, dismissal of employees, or termination of employment or labor agreements or pension, welfare, compensation, or other employee benefit plans, agreements, practices and programs, obligations that might otherwise arise from or pursuant to (i) ERISA, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations

Act, (vi) the WARN Act, (vii) the Age Discrimination in Employment Act, as amended, of 1967, (viii) the Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985, (x) the Multiemployer Pension Plan Amendments Act of 1980, (xi) state and local discrimination laws, (xii) state and local unemployment compensation laws or other similar state and local laws), (xiii) state workers' compensation laws, and (xiv) any other state, local, or federal employee benefit laws, regulations, or rules or other state, local, or federal laws, regulations, or rules relating to wages, benefits, employment, or termination of employment with the Debtor; (f) to the greatest extent allowed by applicable law, environmental liabilities, debts, claims, or obligations arising from conditions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contamination substances or wastes) that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*; (g) any liabilities, debts, or obligations of or required to be paid by the Debtor for any taxes of any kind for any period other than taxes relating to the Sequitur Acquired Assets; (h) any liabilities, debts, commitments, or obligations for any taxes relating to the Sequitur Acquired Assets prior to the Closing; (i) any bulk sale law; and (j) any claims asserted or that could be asserted in any litigation.

15.     The Purchaser has given substantial consideration under the APA, which consideration shall constitute valid and valuable consideration for the absolution from any potential claims of successor liability of the Purchaser to the greatest extent allowed by applicable law. Without limiting the Purchaser's obligation to pay and satisfy the Assumed Liabilities, upon consummation of the Sales contemplated by the APA, the Purchaser shall not be deemed to (a) be a successor to the Debtor, (b) have, *de facto* or otherwise, merged with or into

the Debtor, or (c) be a mere continuation, alter ego or substantial continuation of the Debtor, to the greatest extent allowed by applicable law.

## Good Faith

16.     The transactions contemplated by the APA are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Sale Order to consummate the sale of the Sequitur Acquired Assets to Sequitur shall not affect the validity of the sale. Sequitur is a purchaser in good faith of the Sequitur Acquired Assets and is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code.

17.     Sequitur did not enter into any agreement with any other potential bidders prior to or at the Auction, and Sequitur has not colluded with any of the other bidders, potential bidders or any other parties interested in the Sequitur Acquired Assets, and, therefore the Sale may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

18.     The consideration provided by the Sequitur for the Sequitur Acquired Assets under the APA shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia, including, without limitation, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code. The APA was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtor. Neither the Debtor nor the Purchaser has entered into the APA or any agreement contemplated thereby or are consummating the Sale with any fraudulent or otherwise improper purpose. No other Person or group of Persons has offered to purchase the Acquired Assets for an amount that would provide greater value to the Debtor and its estate than the value provided by the Purchaser.

### Miscellaneous Provisions

19.     Upon Closing of the Sale, this Sale Order (a) shall be construed as and shall constitute for any and all purposes a full and complete assignment, conveyance and transfer of all of the Debtor's right, title and interest in all of the Acquired Assets and a bill of sale transferring all of the Debtor's right, title and interest in such Acquired Assets to the Purchaser pursuant to the terms of the APA, and (b) shall be binding upon and govern the acts of all Persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing Persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

20.     The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of the Debtor, its estate, and its creditors (whether known or unknown), the Purchaser, and their respective affiliates, successors, and assigns, and any affected third parties, including, without limitation, the Debtor's creditors and all Persons asserting claims (as that term is defined in the Bankruptcy Code) and/or Encumbrances in or against the Acquired Assets (collectively, the "Bound Parties"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under any chapter of the Bankruptcy Code or any other law with respect, and all such terms and provisions shall likewise be binding on such

trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, or any trustee, examiner, receiver, party, entity, or other fiduciary. The provisions of this Sale Order and the terms and provisions of the APA, and any actions taken pursuant hereto or thereto as of the date of the entry of this Sale Order shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan, the dismissal of this Chapter 11 Case, or the conversion the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. The terms and provisions of the APA, as well as the rights and interests granted pursuant to this Sale Order and APA, shall continue in this or any superseding case and shall be binding upon the Bound Parties and their respective successors and assigns.

21.    The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof without further order of the Court; *provided* that any such modification, amendment or supplement (a) does not have a material adverse effect on the Debtor's estate and (b) the DIP Lender has consented to such modification, amendment, or supplement.

22.    The failure to include specifically any particular provisions of the APA or any related agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Purchaser that the APA and any related agreements and all of their provisions for payment and transactions are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order.

23.    To the extent that any provision of this Sale Order is inconsistent with the terms of the APA, this Sale Order shall govern.

24.    Except to the extent provided in the APA, this Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the transactions under the APA.  This Court retains jurisdiction to compel delivery of the Sequitur Acquired Assets, to protect the Purchaser and its assets against any Encumbrances and (to the greatest extent allowed by applicable law) from successor and transferee liability, and to enter orders, as appropriate, pursuant to sections 105, 363, or 365 or other applicable provisions of the Bankruptcy Code necessary to transfer the Sequitur Acquired Assets to Sequitur; *provided, however*, that, in the event the Court abstains from exercising or declines to exercise such jurisdiction with respect to the APA, the Bidding Procedures Order, or this Sale Order, such an abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

25.    No bulk sales law or similar law of any state or other jurisdiction shall apply in any way to the transactions between the Debtor and the Purchaser that are approved by this Sale Order, including, without limitation, the APA and the transactions provided for thereunder.

26.    Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Debtor and the Purchaser is authorized to close the Sales immediately upon entry of this Order and the fourteen-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) shall be, and hereby are, deemed waived.

27.    All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: August **10**, 2017
　　　　　Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE